**KAZEROUNI LAW GROUP A.P.C.**
Ross H. Schmierer, Esq. (RS-7215)
3000 Atrium Way, Suite 200
Mount Laurel, New Jersey 08054
Phone: (732) 588-8688
ross@kazlg.com

*Attorneys for Plaintiff and Putative Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Kyle Trauberman, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>CHW Group, Inc. d/b/a/ Choice Home Warranty,<br><br>Defendant. | Civil Case Number:<br><br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Kyle Trauberman (hereinafter, "Plaintiff"), individually and on behalf of all others similarly situated, bring this Class Action Complaint (the "Complaint") against defendant CHW Group, Inc. d/b/a/ Choice Home Warranty ("Defendant"), and allege, upon personal knowledge as to her own conduct, and upon information and belief as to the conduct of others, as follows:

**INTRODUCTION**

1.      Plaintiff brings this Complaint against Defendant to stop Defendant from violating the Telephone Consumer Protection Act, 47 U.S.C § 227, *et seq.* ("TCPA") and invading the privacy of Plaintiff and the putative class by making unsolicited telemarketing calls using a pre-recorded and/or artificial voice without their consent in violation of the TCPA.  Plaintiff further seeks to stop Defendant's patent violations of the TCPA's related regulations, specifically for claims under the National Do-Not-Call provision of 47 C.F.R. § 64.1200(c).

**PARTIES**

2.      Plaintiff Kyle Trauberman is an individual and citizen of Arizona.

3.      Upon information and belief, Defendant is, and at all times mentioned herein was, a domestic corporation with its principal place of business located at 2147 Route 27 South 4th Floor Edison, NJ 08817. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of New Jersey and within this judicial district.

4.      Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and

scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, a federal statute.

6.     The Court has general jurisdiction over Defendant because it's a domestic corporation.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## LEGAL BASIS FOR THE CLAIMS

8.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In doing so, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy.…"  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

9.     Specifically, the TCPA restricts telephone solicitations (i.e., telemarketing) and the use of automated telephone equipment.  The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines.  It also specifies several technical requirements for fax

machines, autodialers, and voice messaging systems - principally with provisions requiring identification and contact information of the entity using the device to be contained in the message.

10.    In its initial implementation of the TCPA rules, the FCC included an exemption to its consent requirement for prerecorded telemarketing calls.  Where the caller could demonstrate an "established business relationship" with a customer, the TCPA permitted the caller to place pre-recorded telemarketing calls to residential lines.  The new amendments to the TCPA, effective October 16, 2013, eliminated this established business relationship exemption.

11.    Therefore, all pre-recorded telemarketing calls to residential lines and all pre-recorded calls to wireless numbers violate the TCPA if the calling party does not first obtain express written consent from the called party.

12.    As of October 16, 2013, unless the recipient has given prior express written consent,[1] the TCPA and Federal Communications Commission ("FCC") rules under the TCPA generally:

- Prohibit solicitors from calling residences before 8 a.m. or after 9 p.m., local time.

- Require that solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone

---

[1] Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."  47 C.F.R. § 64.1200(f)(8).

4

number or address at which that person or entity may be contacted.

- Prohibit solicitations to residences that use an artificial voice or a recording.

- Prohibit any call or text made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.

- Prohibit any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (e.g., "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.

- Prohibit autodialed calls that engage two or more lines of a multi-line business.

- Prohibit unsolicited advertising faxes.

- Prohibit certain calls to members of the National Do Not Call Registry.

13. Furthermore, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration*, 23 FCC Rcd. 559, 565, 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc*., 2012 WL 7062748 (N.D. Ill., Dec. 31, 2012).

14.    Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call.  Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

15.    With respect to misdialed or wrong-number calls, the FCC recently clarified that "callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber."   In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, FCC 15-72, 30 F.C.C.R. 7961,  71-72 (July 10, 2015). "If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such."  Id.  Thus, any second call placed to a wrong number violates the TCPA.

## FACTUAL ALLEGATIONS

16.    Defendant provides certain warranty contracts to consumers and homeowners that purport to protect against the cost of unexpected repairs of their home systems and appliances that break down.

6

17.    In Defendant's overzealous attempt to market its services, however, Defendant knowingly and willfully made (and continues to make) unsolicited telemarketing phone calls.

18.    Defendant also patently violated (and continues to violate) the National Do-Not-Call provision of 47 C.F.R. § 64.1200(c).

19.    Through this method, Defendant has invaded the personal privacy of Plaintiff and members of the Classes (as defined below).

20.    Defendant's unsolicited telemarketing phone calls also disturbed the solitude of Plaintiff and members of the Classes (as defined below).

## FACTUAL ALLEGATIONS AS TO THE PLAINTIFF

21.    At all relevant times, Plaintiff was assigned, and was the owner of, a cellular telephone number ending in - 3806 ("Cell").

22.    Plaintiff is the sole user and/or subscriber of his Cell and is financially responsible for phone service to his Cell.

23.    At no time prior to Defendant first initiating its call to Plaintiff did Plaintiff provide Plaintiff's Cell number to Defendant through any medium.

24.    At no time did Plaintiff ever enter into a business relationship with Defendant.

25.    At no point in time did Plaintiff provide Defendant with his express written consent to be contacted for marketing purposes.

26.     Nevertheless, Defendant inundated Plaintiff with illegal calls and text messages.

27.     Specifically, and by way of example only, Plaintiff received the following illegal communications to his Cell:

- 9/12/2023, 10:42am MST, from number 207-987-2930

- 9/15/2023, 9:03am MST, from number 480-879-9074

- 9/18/2023, 9:58am MST, from number 480-573-8495

- 9/18/2023, 10:35am MST, from number 480-573-8495

- 9/18/2023, 11:46am MST, from number 480-573-8495

- 9/18/2023, 1:01pm MST, from number 480-573-8495

- 9/18/2023, 2:13pm MST, from number 480-573-8495

- 9/19/2023, 10:44 AM MST, from number 480-573-8495

- 9/19/2023, 12:19 PM MST, from number 480-573-8495

- 9/19/2023, 1:19 PM MST, from number 480-573-8495

- 9/19/2023, 3:09 PM MST, from number 480-573-8495

- 9/20/2023, 10:56 AM MST, from number 480-573-8495

- 9/20/2023, 1:23 PM MST, from number 480-573-8495

- 9/21/2023, 9:54 AM MST, from number 602-834-3349

- 9/21/2023, 10:03 AM MST, from number 480-573-8495

- 9/21/2023, 11:40 AM MST, from number 480-573-8495

- 9/21/2023, 1:39 PM MST, from number 480-573-8495

- 9/22/2023, 11:30 AM MST, from number 480-573-8495

- 9/22/2023, 1:14 PM MST, from number 480-573-8495

- 9/25/2023, 9:41 AM MST, from number 480-573-8495

- 9/25/2023, 10:57 AM MST, from number 480-573-8495

28.     These calls were automated recordings.  Several calls stated "[o]ur custom home warranty options can help cover sudden appliance breakdowns and failures that are not covered by your insurance policy…press "1" to speak with me…press "2" if you would like to schedule a time for me to call you back..."

29.     Due to the cadence and tone of the pre-recorded message, Plaintiff was able to discern that, at the outset of the call, there was not a live representative on the line and that Defendant was utilizing a pre-recorded message.

30.     When Plaintiff listened to the message at the outset of the call, Plaintiff was able to determine that it was a prerecorded message and that he was not speaking to a live representative. *See, Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

31.    It was evident to Plaintiff that the voice message he heard was pre-recorded because, *inter alia*: (a) the generic content of the voice message; and (b) the tone, cadence and inflection of the voice message, which sounded to the Plaintiff's ears like a pre-recorded message, rather than a personal voice message that was placed personally for the Plaintiff by a live individual on the line.

32.    Plaintiff has previously received both pre-recorded voice messages and regular non-prerecorded voice messages and can differentiate the characteristics and sounds of a pre-recorded voice message in contrast to an ordinary voice message.

33.    Based on the Plaintiff's own personal experience, the voice messages received from Defendant clearly sounded like pre-recorded voice messages.

34.    Based on the circumstances as described above, Defendant called Plaintiff using a pre-recorded message as prohibited by 47 U.S.C. § 227(b)(1).

35.    In addition, Plaintiff received multiple text messages to Plaintiff's Cell.

36.    By way of example only, Plaintiff received the following two unsolicited telemarketing text messages from Defendant:



37.     Such text messages constitute telephone solicitations pursuant to 47 C.F.R. § 64.1200(c), as they were an attempt to promote or sell Defendant's services.

38.     In addition, Plaintiff's Cell was registered with the National Do Not Call Registry on August 14, 2007.

39.     Pursuant to 47 U.S.C. § 227(c)(3)(F), Defendant is required to check the National Do Not Call Registry before attempting to call.

40.     Despite its obligations under the TCPA, Defendant unlawfully soliciting Plaintiff on his Cell as alleged with specificity herein.

41.     Plaintiff did not provide Defendant with his cellular telephone number at any point in time, nor did Plaintiff give permission for Defendant to make telephone solicitations to him or to send or leave him telemarketing messages.

42.     Plaintiff did not have an established business relationship with Defendant prior to or during the time of the telephone solicitations from Defendant.

43.     Plaintiff did not have a personal relationship with Defendant at any point in time.

44.     Plaintiff did not give Defendant prior express invitation or consent in writing for Defendant to call Plaintiff's personal cellular telephone for marketing or solicitation purposes.

45.     Upon information and belief, Defendant did not make the telephone solicitations to Plaintiff and other similarly situated persons in error, nor were such telephone communications made for emergency purposes.

46.     Upon information and belief, at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations to Plaintiff and other similarly situated persons in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5), including 47 C.F.R. § 64.1200(c).

47.     Upon information and belief, Defendant and/or a third party acting on Defendant's behalf made the above-described and substantially similar unlawful telephone solicitations nationwide to thousands of telephone numbers that were registered on the National Do Not Call Registry.

48.     Plaintiff properly alleges injuries in fact, which are fairly traceable to Defendant's unlawful acts, and are likely to be redressed by a favorable judicial decision.

49.     Among other harms caused by the unlawful calls at issue, receiving the unwanted phone calls resembles the kind of harm associated with intrusion upon seclusion.

50.     Among other harms caused by the unlawful telemarketing text messages at issue, receiving the unwanted telemarketing resembles the kind of harm associated with intrusion upon seclusion.

51.     Plaintiff's Prayer for Relief herein includes a request for damages for Defendant's unlawful telephone solicitations, as authorized by statute. *See* 47 U.S.C. § 227(c)(5). These statutory damages were set by Congress and specifically redress the damages suffered by Plaintiff and members of the Classes defined below.

## CLASS ACTION ALLEGATIONS

52.     Plaintiff brings this action individually and on behalf of all others similarly situated, as a member of the two proposed classes (hereinafter, together, the "Classes"):

53.     The class concerning Defendant's violations of the TCPA ("TCPA Class"):

> All persons within the United States who received any telephone call/s from Defendant, its employees and/or agents, for the purpose promoting Defendant's goods or services, to said person's cellular telephone made through the use of an artificial or prerecorded voice and such person had not previously consented in writing to receiving such calls within the four years prior to the filing of this action.

54.     The class concerning Defendant's National Do Not Call violations (hereinafter, the "DNC Class") is defined as follows:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 31 days, who received more

than one telephone solicitation made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within the four years prior to the filing of the Complaint.

55.     Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

56.     Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes the Class members number in the thousands, if not more.  Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

57.     Plaintiff and members of the Classes were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their telephones, whether cellular telephones or otherwise, for solicitation purposes, thereby invading the privacy of said Plaintiff and the Class members whose cellular telephone numbers were on the National Do-Not-Call Registry.  Plaintiff and the Class members were damaged thereby.

58.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Classes, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

15

59.    The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court.  The Class can be identified through Defendant's records or Defendant's agents' records and the National Do-Not-Call Registry.

60.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact common to the Classes predominate over questions which may affect individual Class members, including the following:

a.    Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed more than one telephone solicitation to the members of the Class whose telephone numbers were on the National Do-Not-Call Registry and who had neither an established business relationship nor personal relationship with Defendant;

b.    Whether Defendant's telephone solicitations were made via text message to cellular telephone numbers;

c.    Whether Defendant obtained prior express written consent to place telephone solicitations to Plaintiff or the Class members' telephones;

d.    Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

e.    Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

61.    As a person who received numerous telephone solicitations from Defendant within a 12-month period, who did not have an established business relationship or personal relationship with Defendant, and who did not provide Defendant prior express invitation or permission to receive telephone solicitations, Plaintiff is asserting claims that are typical of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Classes in that Plaintiff has no interests antagonistic to any member of the Classes.

62.    Plaintiff and the members of the Classes have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Classes will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

63.    Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

64.    A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to

17

comply with federal law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

65.    Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
### NEGLIGENT VIOLATIONS
### OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ*

66.    Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

67.    The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*., including implementing regulation 47 C.F.R. § 64.1200(c).

68.    As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq*., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

69.    Plaintiff and the Classes are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT II
### KNOWING/WILLFUL VIOLATIONS
### OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ*

70.    Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

71.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, including implementing regulation 47 C.F.R. § 65.1200(c).

72.    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

73.    Plaintiff and the Classes are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on Plaintiff's own behalf and on behalf of the Class members, respectfully pray for the following relief:

a.    On the First Count and as a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff seeks for himself and each Class member: (i) $500.00

in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, inter alia, the common fund doctrine; (vi) any other relief the Court may deem just and proper; and

b.      On the Second Count and as a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff seeks for himself and each Class member: (i) $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, inter alia, the common fund doctrine; and (vi) any other relief the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself and all others similarly situated, demands a trial by jury on all questions of fact raised by the complaint.

Dated: December 4, 2023

**KAZEROUNI LAW GROUP, A.P.C.**

By: _____

Ross H. Schmierer, Esq.
3000 Atrium Way, Suite 200
Mount Laurel, New Jersey 08054
(732) 588-8688
ross@kazlg.com

## <u>CERTIFICATION PURSUANT TO L. CIV. R. 11.2</u>

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: December 4, 2023

By:    *s/ Ross H. Schmierer*
Ross H. Schmierer, Esq.
3000 Atrium Way, Suite 200
Mount Laurel, New Jersey 08054
(T): (856) 259-4800
ross@kazlg.com
*Attorneys for Plaintiff*